IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| MARY ANN KELLY, | : | Civil Action No. |
| Plaintiff, | : | |
| vs. | : | |
| ASSET ACCEPTANCE, LLC | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, Mary Ann Kelly, by her attorney Ray Johnson, for her claims against the Defendant states:

## I. INTRODUCTION

1.     This is an action for equitable relief and damages brought by an individual consumer for Defendant's breach of contract, Defendant's unfair and deceptive trade practices, Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter, "FDCPA"), and for Defendant's violations of the Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et. seq. (hereinafter, "State Act").

## II. JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1337 and 15 U.S.C. §1692k(d). Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367. Venue is proper in this District under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to this claim occurred in this

district.

## III. PARTIES

3.      Plaintiff, Mary Ann Kelly, is a natural person who resides in Scott County, Iowa.

4.      Ms. Kelly is a "consumer" within the meaning of the FDCPA, 15 U.S.C. §

1692a(3) and Iowa Code § 537.1301(11).

5.      Defendant, Asset Acceptance, LLC (hereinafter, "Asset Acceptance") is a "debt

collector" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6) and Iowa Code §

537.7102(5).

6.      Asset Acceptance is a debt-buyer and regularly collects debts in Iowa.

## IV. FACTUAL ALLEGATIONS

7.      On August 26, 2009, Defendant, Asset Acceptance, purchased a debt from

Citibank (South Dakota), N.A.

8.      The account allegedly belonged to Ms. Kelly, and Defendant began to attempt to

collect the alleged debt.

9.      On June 21, 2010, Defendant filed a lawsuit against Ms. Kelly in Scott County.

10.     Ms. Kelly, acting without the benefit of legal counsel, agreed to settle the alleged

account. Ms. Kelly signed a Confession of Judgment for the full amount, $11,051.45,

plus interest "as allowed by law" from June 21, 2010.

11.     Defendant has charged Ms. Kelly an excessive interest rate since June of 2010.

12.     Despite Ms. Kelly's payments on the alleged account, Defendant claims Ms.

Kelly owes more today than she did when she signed the Confession of Judgment.

13.     When Ms. Kelly went to purchase a vehicle, she discovered that Defendant has

also inaccurately reported the alleged debt on her credit report.

## V. FIRST CLAIM FOR RELIEF

### (Defendant's Violations of Federal FDCPA)

14.     Defendant violated the FDPCPA. Defendant's violations include, but are not limited to, the following:

    a.     Defendant violated 15 U.S.C. § 1692e(2), by making a false representation of the character, amount, or legal status of an alleged debt.

    b.     Defendant violated 15 U.S.C. § 1692(f)(1) by collecting or attempting to collect an amount not permitted by law or by its agreement with Ms. Kelly

15.     As a result of the above violations of the FDCPA, Defendant is liable to Ms. Kelly for her actual damages, statutory damages, costs, and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF

### (Defendant's Violations of the State Act)

16.     Ms. Kelly incorporates by reference all facts and allegations set forth in the Complaint.

17.     Defendant violated the State Act. The foregoing acts, omissions, and practices of Defendant are violations of Iowa Code § 537.7103, including but not limited to:

    a.     Defendant violated Iowa code 537.7103(4)(e) by making a representation that tends to create a false impression of the character, extent or amount of a debt.

    b.     Defendant violated Iowa Code § 537.7103(1)(f) by taking action or threatening to take action prohibited by Iowa Code chapter 537.7103 or any other law, including but not limited to, attempting to collect excessive interest from Ms. Kelly.

18.     As a result of the above violations of the State Act, Defendant is liable to Ms.

Kelly for her actual damages, statutory damages, costs, and attorney's fees.

## VII. THIRD CLAIM FOR RELIEF

### (Defendant's Unfair and Deceptive Trade Practices)

19.     Ms. Kelly incorporates by reference all facts and allegations set forth in the

Complaint.

20.     Ms. Kelly is a "consumer" as defined by Iowa Code § 714H.2.

21.     Ms. Kelly is a "person" as defined by Iowa Code § 714H.2.

22.     Defendant violated Iowa Code § 714H.3 by taking actions it knew, or reasonably

should have known, were deceptive and/or unfair practices, including but not limited to:

    a.      Misrepresenting its intentions to abide by the settlement agreement as well

            misrepresenting the amount it intended to collect from Ms. Kelly.

    b.      Failing to honor the terms and conditions of the settlement and Confession

            of Judgment.

23.      As a result of Defendant's actions, Ms. Kelly has suffered actual damages as

defined by Iowa Code § 714H.5(2) and is entitled to an award of actual damages, costs

and reasonable attorney's fees, and triple statutory triple damages allowed by 714H.5(4).

## VIII. FOURTH CLAIM FOR RELIEF

### (Defendant's Breach of Contract)

24.     Ms. Kelly incorporates by reference all facts and allegations set forth in the

Complaint.

25.     Ms. Kelly entered into a contract with Defendant regarding settlement of the

district court lawsuit.

26.    The terms of the contract included that Ms. Kelly pay Defendant the full account balance plus interest as permitted by law.

27.    Ms. Kelly complied with the terms of the Confession of Judgment.

28.    Defendant breached the contract when it charged Ms. Kelly excessive interest and inaccurately reported the alleged debt on Ms. Kelly's credit report.

29.    Ms. Kelly has suffered damages as a result of Defendant's breach.

30.    Defendant's breach completely defeated the object and purpose of the original agreement and was done in bad faith.

31.    As a result of Defendant's breach of contract, Ms. Kelly is entitled to rescission of the agreement as a remedy.

## IX. RELIEF REQUESTED

**WHEREFORE**, Ms. Kelly respectfully requests the Court rescind the settlement agreement and that judgment be entered against Asset Acceptance for the following:

A.  Actual damages;

B.  Statutory damages;

C.  Costs and reasonable attorney's fees;

D.  For such other relief as the Court deems just and appropriate, including but not limited to, rescission of the settlement agreement.

Respectfully submitted,

RAY JOHNSON
AT0004O1
Johnson Law Firm

950 Office Park Rd.
Suite 221
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com

**ATTORNEY FOR PLAINTIFF**